PEOPLE *v.* MALCOLM COLLINS

1. CONSTITUTIONAL LAW—PRE-ARRAIGNMENT LINEUP—RIGHT TO COUNSEL—WRITTEN WAIVER—CRIMINAL LAW.

> Although defendant claimed that his written waiver of his right to counsel in a pre-arraignment lineup was predicated upon what he thought was his non-appearance for trial on another criminal charge, the waiver was found to have been executed with full understanding and knowledge of his rights where the record indicates that he was fully aware of the purpose for which he was placed in the lineup and testimony adduced from one of the police officers indicated that the defendant had been questioned prior to the lineup regarding an arson charge.

2. CONSTITUTIONAL LAW—LINEUP—PRIOR TO FORMAL ARREST—CRIMINAL LAW.

> A person held in custody on one charge may be subjected to a lineup for identification in connection with the commission of another crime prior to a formal arrest for this crime.

Appeal from Recorder's Court of Detroit, Henry L. Heading, J. Submitted Division 1 October 16, 1970, at Marquette. (Docket No. 7,510.) Decided December 3, 1970.

Malcolm Collins was convicted of burning an occupied dwelling house and preparation to burn real property. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 313, 314, 316, 317.
[2] 21 Am Jur 2d, Criminal Law § 368.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Elliott S. Hall,* for defendant on appeal.

Before: FITZGERALD, P. J., and McGREGOR and O'HARA,* JJ.

PER CURIAM. Defendant Malcolm Collins was tried and convicted of willfully burning an occupied dwelling house and preparation to burn real property in violation of MCLA § 750.72 (Stat Ann 1962 Rev § 28.267) and MCLA § 750.77 (Stat Ann 1962 Rev § 28.272).

During the trial, Mrs. Idell Ware testified that on August 1, 1967, while walking up an alley, she observed a man whom she later identified as the defendant approaching her with a blazing bottle in hand. He proceeded to a point within 20 feet of Mrs. Ware, whereupon he threw the flaming bottle into the rear window of a residence occupied by the complainant, Willie Tucker. The police arrived shortly thereafter and found the neck of the broken bottle stuffed with a rag which was still smoldering. Witness Ware gave the police a description of the man whom she had observed earlier, stating that while she did not know his name, she had seen him in the neighborhood before.

In the afternoon of August 1, 1967, the day of the fire-bombing, defendant Malcolm Collins was rearrested on a *capias* from Recorder's Court for fail-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ure to appear for trial that morning on another and unrelated criminal charge. Since defendant's appearance met the description furnished by Mrs. Ware, he was placed in a police lineup the following day. Defendant was advised of his constitutional rights and signed a written waiver of his right to have counsel present. The witness identified Collins as the man she had observed throwing the blazing bottle and also recalled that she had seen him at a gas station. Defendant's own testimony confirmed the fact that he operated a gas station in the area.

The question raised concerns defendant's written waiver of his right to counsel in a pre-arraignment lineup` and whether it was executed with understanding, intelligence and knowledge of his rights. It is argued that the waiver of counsel at the lineup was predicated upon what defendant thought was his non-appearance for trial on another criminal charge.

Contrary to defendant's assertions, the record indicates that he was fully aware of the purpose for which he was placed in the lineup. On page 93 of the trial transcript, the following colloquy between the prosecution and defendant took place:

"*Q.* They arrested you for not appearing in court, isn't that right?
"*A.* Right.
"*Q.* So there would be no question of identification, isn't that true?
"*A.* Right. Right.
"*Q.* So you knew it wasn't for a capias?
"*A.* Yah, I knew it wasn't for a capias".

Furthermore, testimony adduced from one of the police officers would indicate that defendant had been questioned prior to the lineup regarding the arson charge. Hence, this Court finds sufficient evi-

dence of the fact that defendant was advised of his right to counsel, that he read a statement explaining his rights and signed a waiver thereto. The record clearly indicates that such waiver was executed with full understanding and knowledge.

It is also apparent that the identification by Mrs. Ware was positive and we find no evidence that the lineup was conducted unfairly or in a prejudicial manner. In *People* v. *Hall* (1970), 24 Mich App 509, this Court ruled that a person held in custody on one charge may be subjected to a lineup for identification in connection with the commission of another crime prior to a formal arrest for this crime.

Affirmed.